IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | Case No. 08-27450 |
| ) | Chapter 7 |
| ALAN BRIAN FABIAN, ) | |
| ) | |
| Debtor. ) | |
| _____) | Adv. Proc. No. 14-893 |
| ) | |
| ALAN BRIAN FABIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ANSWER

NOW COMES the United States of America, as the real party in interest, and in place of the named federal defendant, the Internal Revenue Service, and through the undersigned counsel, answers the Plaintiff's complaint as follows:

### JURSDICTIONAL ALLEGATIONS

The United States admits all allegations in this section, except that the Internal Revenue Service is not the proper defendant in this action. The United States of America is the real party in interest.

### TIMELINESS

The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations in this section.

## STATEMENT OF FACTS

Plaintiff alleges:  On January 27, 2010, this Court granted a discharge to the Plaintiff of all debts pursuant to 11 USC §727 except for:  (1) the Order of Restitution entered in the U.S. District Court of Maryland on January 20, 2009 and (2) the indebtedness due to Strategic Partners International Inc. as determined by this Court in December 2010.

Answer:  Admit.

Plaintiff alleges:  The Defendant was a name creditor in the Plaintiff's bankruptcy case and was served with all notices and filing during the term of the bankruptcy case.

Answer: Admit.

Plaintiff alleges:  On May 3, 2011, the Plaintiff received notice from Mr. Steve Hansen of the Defendant alleging failure to file Form 5471 for tax years 2002 to 2007.

Answer: Admit.

Plaintiff alleges:  On May 26, 2011, the Plaintiff filed Form 5471 for tax years 2002 to 2007 pursuant to Rev. Proc. 92-70 with a statement that the Plaintiff believed he was not legally required to file Form 5471 for those years.

Answer:  Admit.

Plaintiff alleges:  On August 1, 2011, the Defendant sent a Notice of Penalty charging $10,000 per year for tax years 2002 to 2007.

Answer: Admit.

Plaintiff alleges:  On August 7, 2011, the Plaintiff responded to the August 1, 2011 notice by letter informing the Defendant of his bankruptcy discharge and its applicability to tax penalties. The Plaintiff informed the Defendant of its violation of the discharge injunction pursuant to 11 USC §524.

Answer:  The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

Plaintiff alleges:  On May 26, 2011 and August 7, 2011, the Petitioner advised the Defendant of his correct address.  The Defendant has sent other notices to Petitioner's Lewisburg, PA address.

Answer:  The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

Plaintiff alleges:  On September 5, 2011, the Defendant sent another notice to the Plaintiff.

Answer:  The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

Plaintiff alleges:  On October 12, 2011, the Defendant sent a letter acknowledging receipt of the August 7, 2011 letter and allotting further time to investigate.

Answer: The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

Plaintiff alleges:  On January 5, 2012, the Plaintiff sent another letter to the Defendant with the Discharge Order.

Answer:  The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

Plaintiff alleges:  On April 9, 2012, the Defendant sent a Notice of Levy by certified mail to the incorrect address.

Answer:  The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

Plaintiff alleges:  From April 9, 2012 until September 13, 2014, the Plaintiff received no further communication from the Defendant.

Answer: The United States lacks knowledge or information sufficient to form a belief about the truth of this allegation.

Plaintiff alleges:  These penalties are not excepted from discharge by 11 USC §507(a)(8)(G) or 11 USC §523(a)(7).

Answer:  Admits.

Plaintiff alleges:  Defendant should be prevented from collecting the penalties and interest for the penalties and held in contempt for violating the discharge injunction of 11 USC §524.

Answer:  Denies.

Plaintiff alleges:  The Plaintiff should be awarded $5,000 in damages and costs.

Answer:  Denies.

Further answering the allegations of the complaint, the United States avers as follows:

1. The United States does not dispute that the penalties for failing to file the Form 5471 are dischargeable.

2. The United States disputes that Plaintiff is entitled to any of the relief sought.

3. On information and belief, the Plaintiff has filed a petition with the United States Tax Court disputing the Internal Revenue Service's proposed adjustments to his 2002 to 2007 tax years.  The Tax Court has assigned Docket Number 25589-14 to Plaintiff's petition.

4. On information and belief, included in this petition is the 2003 tax deficiency for which the Internal Revenue Service sent a Notice of Intent to Levy to Plaintiff September 8, 2011, and which Plaintiff attached to his Complaint in this Court as Exhibit A.

5. Plaintiff has not alleged any facts in his Complaint regarding the September 8, 2014 Notice, or the 2003 deficiency, notwithstanding Exhibit A.

WHEREFORE, having fully answered the allegations of the complaint, the United States of America, as the real party in interest and in place of the named federal defendant, the Internal Revenue Service, prays as follows:

A.     That the Court substitute the United States of America for the Internal Revenue Service as a defendant in the adversary proceeding;

    B.       That the Court deny the relief sought by the Plaintiff, and

    C.       For such other relief as the Court may determine to be just and appropriate.

<u>Dated:  February 27, 2015</u>

           <u>/s/ Vassiliki Eliza Economides</u>
           VASSILIKI ELIZA ECONOMIDES
           Trial Attorney, Tax Division
           U.S. Department of Justice
           P.O. Box 227
           Washington, D.C.  20044
           202-307-6320 (v)
           202-514-6866 (f)
           Vassiliki.E.Economides@usdoj.gov

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the United States' OBJECTION TO ENTRY OF DEFAULY has been made on February 27th, 2015, via the CM/ECF system, to the following:

Alan Brian Fabian
43008-037
PO Box 2000
Lewisburg, PA 17837
*Pro se*

          /s/ Vassiliki E. Economides
          VASSILIKI ELIZA ECONOMIDES
          Trial Attorney, U.S. Department of Justice