IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | Case No. 08-27450 |
| ) | Chapter 13 |
| ALAN BRIAN FABIAN, ) | |
| ) | |
| Debtor. ) | |
| _____) | Adv. Proc. No. 14-893 |
| ) | |
| ALAN BRIAN FABIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO PLAINTIFF'S CLAIM FOR DAMAGES AND MOTION TO STAY PROCEEDINGS UNTIL RESOLUTION OF PLAINTIFF'S PENDING TAX COURT CASE**

The United States, as the real party in interest, and on behalf of the named Federal defendant, the Internal Revenue Service, respectfully requests that the Court, pursuant to Fed. R. Civ. P. 12(c), as incorporated by Bankr. P. 7012(b), enter judgment as a matter of law on the pleadings in its favor and against the Plaintiff Alan Brian Fabian with respect to Plaintiff's claim for damages because Plaintiff's claim is legally insufficient under 26 U.S.C. § 7433.  The United States further requests the Court to stay the current proceedings with respect to Plaintiff's request for a judgment discharging all of his pre-2005 income tax liabilities due to the nature of Plaintiff's pending Tax Court case.  As grounds for this motion, the United States refers the Court to its memorandum of law, which is incorporated herein.

A proposed order is also submitted with this motion.

12513502.1

DATED this 23th of March, 2015       Respectfully submitted,

      CAROLINE D. CIRAOLO
      Principal Deputy Assistant Attorney General

      */s/ Vassiliki E. Economides*
      VASSILIKI ELIZA ECONOMIDES
      Trial Attorney, Tax Division
      U.S. Department of Justice
      P.O. Box 227
      Washington, D.C. 20044
      202-307-6320 (v)
      202-514-6866 (f)
      Vassiliki.E.Economides@usdoj.gov
      *Attorney for the United States*

12513502.1

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | Case No. 08-27450 |
| ) | Chapter 13 |
| ALAN BRIAN FABIAN, ) | |
| ) | |
| Debtor. ) | |
| _____) | Adv. Proc. No. 14-893 |
| ) | |
| ALAN BRIAN FABIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO PLAINTIFF'S CLAIM FOR DAMAGES AND MOTION TO STAY PROCEEDINGS UNTIL RESOLUTION OF PLAINTIFF'S PENDING TAX COURT CASE**

The United States conceded in its Answer dated February 25, 2015 that the *penalties* for Plaintiff's failure to file Form 5471 are dischargeable. The United States does not intend to collect these penalties and has abated the penalties on Plaintiff's account for tax years 2002 through 2007.

Plaintiff initially requested in his Complaint a judgment **(1)** preventing the Internal Revenue Service from taking any collection action against the Plaintiff, **(2)** holding the Service in contempt of violating the discharge injunction under 11 U.S.C. § 524, and **(3)** $10,000 in damages and costs.[1] Plaintiff subsequently submitted a response to the United States' Answer

---

[1] We note that in the body of the Complaint the Plaintiff requested $5,000 in damages.

3

wherein he requests additional relief of **(4)** a judgment on the pleadings or summary judgment that __all__ taxes, penalties, and interest thereon for returns due and events occurring before December 31, 2005 be deemed discharged. To be clear, this is in *addition* to the first three requests for relief he made in his Complaint: a finding of contempt, an injunction against the Service preventing further collection actions, and an award for $5,000.

For the foregoing reasons, all of these requests for relief should be denied.

### PLAINTIFF'S REQUEST FOR DAMAGES SHOULD BE DENIED BECAUSE IT IS LEGALLY INSUFFICIENT UNDER 26 U.S.C. § 7433

Filing a petition under 26 U.S.C. § 7433 with the bankruptcy court is the "exclusive remedy" for seeking damages for violations of the discharge injunction. 26 U.S.C. § 7433(e)(1). Section 7433 states:

> (a) If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

The preliminary requirement is that Plaintiff's claim is timely. The regulations provide that "a petition for damages under paragraph (a) of this section must be filed in bankruptcy court within two years after the date the cause of action accrues." See 26 C.F.R. § 301.7433-2(g). A cause of action accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." Here, Plaintiff's claim for damages is untimely. The Court granted a discharge to Plaintiff of all debts pursuant to § 727 on January 10, 2010. Plaintiff filed this Complaint in December 2014, more than four years later. According to Plaintiff's Complaint, Plaintiff was made aware as early as May 2011 of the outstanding penalties for the 2002 – 2007 tax years in the records of the IRS—over a year after his

bankruptcy discharge. More than two years have passed since the time Plaintiff had reasonable opportunity to discover all elements of a possible cause of action and therefore his claim for damages should be denied as untimely.

Even if, however, the Court finds his claim timely, Plaintiff's claim still fails because of certain requirements the statute says the Plaintiff must show in order to be eligible to collect damages. Among these include the requirements that Plaintiff must first exhaust his administrative remedies, and that Plaintiff sustained some actual, direct economic loss. Plaintiff has not, and cannot show, either.

Failure to Exhaust Administrative Remedies

Under § 7433(d)(1), the Court may not award the Plaintiff damages unless the Court determines that the Plaintiff "has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." Here, Plaintiff simply alleges various attempts at correspondence with the Service.

This is insufficient.

The Treasury regulations for section 7433 detail exactly what the Plaintiff must do to exhaust his remedies, including the requirement to send an administrative claim, where to send the administrative claim, and the information to be included in the administrative claim. 26 C.F.R. § 301.7433-2(e). This includes the manner (i.e. sent in writing to the Chief, Local Insolvency Unit, for the judicial district in which the taxpayer filed the underlying bankruptcy case giving rise to the alleged violation) and the form (i.e. claim should include taxpayer information, location of the bankruptcy court in which the underlying case was filed, and a description in reasonable detail of the violation, among others). The Plaintiff has refused to comply with this Treasury regulation.

Failure to Allege Actual Harm

Section 7433 limits damages to the lesser of $1,000,000 or the sum of (1) "actual, direct economic damages" and (2) the "cost of the action." 26 U.S.C. § 7433(b). Plaintiff is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Plaintiff has not alleged any actual, direct economic damages, nor has he sustained any actual, direct economic damages by virtue of his circumstances. He has similarly not alleged any costs incurred for bringing this action.[2]

Accordingly, Plaintiff's claim for damages should be denied because it is untimely, Plaintiff has not exhausted his administrative remedies, and Plaintiff has not incurred any direct, economic harm.

PLAINTIFF'S REQUEST FOR A FINDING OF CONTEMPT SHOULD BE DENIED

Similarly, Plaintiff's request for a finding a contempt against the Internal Revenue Service for violating the discharge of 11 U.S.C. §524 should likewise be denied. It is an inappropriate remedy given the nature of the case and Plaintiff's allegations. The advisory notes of Bankr. R. Proc. 9020 states that a finding of contempt is permitted if "the conduct is in the presence of the court and is of such nature that the conduct obstructs the administration of justice." The Internal Revenue Service has made no such violation in the Court's presence, and has not obstructed the administration of justice.

---

[2] Litigation costs and administrative costs are not recoverable as actual, direct economic damages. 26 C.F.R. § 301.7433-2(b)(2).

<u>PLAINTIFF'S REQUEST FOR JUDGMENT THAT ALL TAXES PRIOR TO 2005 ARE DISCHARGEABLE SHOULD BE DENIED AND THIS CASE SHOULD BE STAYED PENDING RESOLUTION OF PLAINTIFF'S TAX COURT CASE</u>

While the United States does not contest that the *penalties* for failing to filing Form 5471 are dischargeable, it strictly opposes a sweeping judgment that all of Plaintiff's taxes before December 31, 2005 are dischargeable.  Very simply, Plaintiff is conflating two separate issues in this Court.  At issue in this case is the dischargeability of the penalties for failing to file Form 5471.  Not at issue in this case is the dischargeability of **<u>all</u>** of Plaintiff's income tax liabilities.  The Notice of Intent to Levy dated September 2014 attached to Plaintiff's Complaint relates to Plaintiff's income tax liabilities—not the civil penalties for failing to file the informational return.  The Service issued a notice of deficiency of Federal income taxes to the Plaintiff for 2002 to 2004, where it asserts the fraud penalty against the Plaintiff under 26 U.S.C. § 6663.  The penalty is for both the unassessed deficiency and the assessed liability identified on the levy notice.  Debtor filed a petition in the Tax Court disputing the Service's proposed adjustments for the 2002 to 2004 years.

If the Tax Court ultimately determines that the 2002 though 2004 income tax returns were fraudulent, *the entire years' tax liabilities will be rendered nondischargeable*.  <u>See</u> 11 U.S.C. § 523(a)(1)(C) (nondischargeability of taxes with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax).  Therefore, the United States requests the Court to deny Plaintiff's request for relief regarding the dischargeability of his income taxes, and in the spirit of judicial efficiency, this case would be more effectively handled following resolution of the pending Tax Court case.

CONCLUSION

For the foregoing reasons, the United States moves this Court to enter judgment as a matter of law on the pleadings in its favor and against the Plaintiff Alan Brian Fabian, denying a discharge of all of Plaintiff's pre-2005 taxes, denying Plaintiff's claim for damages because it is legally insufficient under 26 U.S.C. § 7433, and denying Plaintiff's request that the United States be held in contempt.

Dated:  March 23, 2015                                  Respectfully submitted,


                                                        CAROLINE D. CIRAOLO
                                                        Acting Assistant Attorney General


                                                           /s/ *Vassiliki E. Economides*
                                                        VASSILIKI ELIZA ECONOMIDES
                                                        Trial Attorney, Tax Division
                                                        U.S. Department of Justice
                                                        P.O. Box 227
                                                        Washington, D.C.  20044
                                                        202-307-6320 (v)
                                                        202-514-6866 (f)
                                                        Vassiliki.E.Economides@usdoj.gov

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | ) | Case No. 08-27450 |
| | ) | Chapter 13 |
| ALAN BRIAN FABIAN, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | Adv. Proc. No. 14-893 |
| | ) | |
| ALAN BRIAN FABIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO PLAINTIFF'S CLAIM FOR DAMAGES AND MOTION TO STAY PROCEEDINGS UNTIL RESOLUTION OF PLAINTIFF'S PENDING TAX COURT CASE

IT IS HEREBY ORDERED that the United States' Motion for Judgment on the Pleadings with Respect to Plaintiff's Claim for Damages is hereby granted,

ORDERED that Plaintiff's Motion for Contempt is denied,

ORDERED that Plaintiff's request for relief with respect to the dischargeability of his 2002- 2004 income tax liabilities be denied, and

ORDERED that this case is stayed pending further adjudication of Tax Court case 25589-14.

12513502.1

Date: _____    _____
                                                       UNITED STATES BANKRUPTCY JUDGE


Proposed Order Submitted By:

\_\_\_*/s/ Vassiliki E. Economides*\_\_\_\_\_
VASSILIKI ELIZA ECONOMIDES
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-307-6320 (v)
202-514-6866 (f)
Vassiliki.E.Economides@usdoj.gov

10

12513502.1

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the United States' MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO PLAINTIFF'S CLAIM FOR DAMAGES AND MOTION TO STAY PROCEEDINGS UNTIL RESOLUTION OF PLAINTIFF'S PENDING TAX COURT CASE and MEMORANDUM IN SUPPORT thereof and PROPOSED ORDER have been made on March 23, 2015, via the CM/ECF system and by first class mail, to the following:

    Alan Brian Fabian
    43008-037
    PO Box 2000
    Lewisburg, PA 17837
    *Pro se*

    /s/ Vassiliki E. Economides
    VASSILIKI ELIZA ECONOMIDES
    Trial Attorney, U.S. Department of Justice

12513502.1