# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: ALAN BRIAN FABIAN | CASE NO:   08-27450 |
| ALAN BRIAN FABIAN,<br>Plaintiff, | CHAPTER 7[1] |
| v. | ADV. PROC. NO.:   14-893 |
| INTERNAL REVENUE SERVICE,<br>Defendant. | |

## RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS AND MORTION FOR STAY

### I.   FORM 5471 PENALTIES

In its Answer and in its Motion for Judgment on Pleadings and Motion for Stay dated March 30, 2015 (hereinafter "the Motion"), the IRS has conceded the penalties for failure to file Form 5471 are dischargeable.

As discussed in Plaintiff's Reply and Motion for Judgment on the Pleadings dated March 10, 2015 (hereinafter "the Reply"), as a matter of law, any an all penalties for events occurring before December 31, 2005, were discharged.  See *Allen v. Internal Revenue Service (In re Allen)*, 272 B.R. 913 (BC E.D. Va. 2002) and other cases cited by Plaintiff on page 3 of the Reply.

The IRS while stating it has no intent to collect these penalties and has abated them has provided no evidence or written confirmation to the Plaintiff.

**Accordingly, the Plaintiff requests an order from this Court making clear that the 5471 penalties have been discharged.**

---

[1] The IRS in their Motion incorrectly identified this case as a Chapter 13 case.  It is a Chapter 7 case.

1

## II. THE IRS HAS OMITTED AND MISSTATED PARTS OF THE PLAINTIFF'S COMPLAINT

The IRS alleges on page 4 of the Motion that the Plaintiff added a new request for relief in his Reply and implies this is a new ground for relief that has been added.

**THE IRS IS WRONG.**

The Complaint clearly stated two causes of action. Page 4 of the Complaint states in ¶5 of the First Cause of Action that **"the defendant should be prevented from collecting any taxes, penalties, and interest for taxes due later than three (3) years prior to Plaintiff's bankruptcy filing and held in contempt for violating the discharge injunction of 11 USC §524."**

The Second Cause of Action called for the discharge of the 5471 penalties.

The IRS confuses the Plaintiff's clarification of Relief Request (1) in the Complaint which requested this Court issue an order "(1) preventing the IRS from taking **ANY COLLECTION ACTION AGAINST THE PLAINTIFF.**" All the Plaintiff did in the Reply was to break Relief Request (1) of the Complaint into two (2) parts. Reply Relief Request (1) requested a **"declaration that taxes, interest, and penalties for returns due and events which occurred before December 31, 2005 was discharged"** and Relief Request (3) in the Reply called for an order **"enjoining further collection action."** Reply Relief Request (2) was the same as (2) in the Complaint and Reply Relief Request (4) requested damages in the amount of $5,000 instead of $10,000.

The Complaint in its first and second cause of action covered all taxes, penalties, and interest for all returns due before and all events occurring before December 31, 2005. This is why Relief Request (1) in the Complaint sought to prevent all collection actions relative to both causes of action.

The IRS also makes an issue that the amount of damages requested in the Relief Request was $10,000 whereas in the body it was listed as $5,000. This is really not too complicated. The Complaint seeks damages of $5,000 for each cause of action. $5,000 plus $5,000 is $10,000.

### III. THE IRS' CHALLENGE TO DAMAGES UNDER 26 USC §7433 IS MISPLACED

The Plaintiff based his claim under 26 USC §7433(e) on the holding of *In re Graham*, 2003 Bankr. Lexis 709 (BC E.D. Va. 2003) which held that §7433(e) (2) (A) makes petitioning the bankruptcy court for a violation of the discharge injunction §524 the exclusive remedy for recovering damages for violation of the bankruptcy code and that this section makes no reference to a requirement for a party to exhaust administrative remedies. While the Plaintiff cannot recover litigation costs, he is entitled to recover costs of the action. These costs included fees and disbursements for printing and witnesses, fees for copies of necessary papers, and actual, direct economic damages.

To date as detailed in Attachment A to this document, the Plaintiff has expended $2,774.25 since 2010 in dealing with the IRS' attempts to collect a discharged debt.

As discussed below, this Court is also authorized to award monetary sanctions for a contempt action under its inherent powers pursuant to 11 USC §105(a).

The Plaintiff is aware that a couple of bankruptcy courts in North and South Carolina have reached a different conclusion from Graham; however, he has found no case in Maryland that contradicts Graham.

After the pre-trial conference on March 19, 2015, the Plaintiff sent a letter to the Court and to the Defendant indicating that he was willing to waive any damages as part of a resolution that would make clear the taxes, penalties and interest were discharged. Since the Defendant has

3

once again raised the issue, the Plaintiff leaves it to this Court's discretion as to whether to award damages under §7433(e) or under its powers under §105(a).

### IV.   THE GOVERNMENT IS GUILTY OF CONTEMPT

It is well established law that this Court has the power to hold the Government n contempt under 11 USC §105(a).

To constitute a willful act of the discharge injunction, the IRS was only required to commit an intentional act with knowledge of the automatic stay. See *Budget Service Co. v. Better Homes of Va.*, 804 F.2d 289, 292-93 (4th Cir. 1986).

To establish civil contempt, the Plaintiff must only show by clear and convincing evidence: (1) the existence of a valid decree of which the IRS had actual or constructive knowledge; (2) the decree was in the Plaintiff's favor; (3) the IRS by its conduct violated the terms of the decree, and had at least constructive knowledge of the violation; and (4) that the Plaintiff suffered harm as a result. See *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) and *In re Youngkin*, 2014 Bankr. Lexis 765 (BC E.D. Va. 2014).

This Court has inherent power under §105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  §105 also allows this Court to enter sanction for abuse of judicial process including compensatory damage for mental distress, anxiety, and expenses of dealing with the violation.

This is well established law and the Defendant is flat out wrong.

The Defendant's citation from the Advisory Notes to Fed. R. Bank. P. 9020 is also misquoted and wrong.  The quote specifically deals with "summary imposition of punishment for contempt if the conduct is in the presence of the court."

4

If the Defendant had read the Advisory Notes to the 2001 Amendments, they would have seen that it makes clear bankruptcy courts have the power to hold parties in civil contempt.

In summary, (1) a valid discharge order was in existence and the IRS admitted to having actual notice in its Answer; (2) the discharge notice was in the :Plaintiff's favor; (3) the IRS has admitted making attempts to collect debts covered by the discharge order; and (4) the Plaintiff has suffered economic and personal harm in dealing with this violation.

**Accordingly, the IRS is in contempt.**

## V. THE PLAINTIFF'S REQUEST FOR A JUDGMENT THAT TAXES, PENALTIES, AND INTEREST FOR RETURNS DUE OR EVENTS OCCURRING BEFORE DECEMBER 31, 2005 ARE DISCHARGED SHOULD BE GRANTED AND THE IRS' MOTION FOR STAY DENIED

The IRS is flat our wrong when it states on page 7 of the Motion that "the Plaintiff is conflating two separate issues in this Court. At issue in this case is the dischargeability of the penalties for failing to file Form 5471. Not at issue in this case is the dischargeability of ALL Plaintiff's income tax liabilities."

**The Plaintiff will not belabor this point. As discussed above, the First Cause of Action in the Complaint specifically deals with tax returns due before December 31, 2005. The Plaintiff is not raising any issues for tax returns due after that date.**

In the Answer, the Defendant **DID NOT ADMIT OR DENY ANY OF THE PLAINTIFF'S ALLEGATIONS IN THE FIRST CAUSE OF ACTION.** As stated on pages 3-4 of the Reply, since the Government failed to expressly "admit or deny the averments upon which the adverse party [the Plaintiff} relies," as required by Fed. R. Bankr. P. 7008(a), the averments are deemed admitted. See *Fukuda v. O'Neal (In re O'Neal)*, 1999 Bankr. Lexis 2033 (BC E.D. Va. 1999).

5

So unless these rules mean nothing, the Government has already admitted that taxes, penalties, and interest for returns due prior to December 31, 2005 have been discharged.

The Plaintiff further deals with the Defendant's arguments in two parts.

### A. Penalties Even on Potential Taxes Due Prior to December 31, 2005 are discharged as a Matter of Law

Assuming arguendo that taxes due before December 31, 2005 were not discharged, the penalties thereon including any civil fraud penalties have been discharged as a matter of law.

11 USC §523(a)(7)(A), (B) are written in the disjunctive and every court to consider the matter has held that if penalties are for events occurring more than three (3) years before the filing of a bankruptcy petition they are discharged even if the underlying tax obligation is not. See *Hosack v. Internal Revenue Service (In re Hosack)*, 2008 U.S. App. Lexis 9601 (5th Cir. 2008) and the other cases cited by the Plaintiff on page 3 of the Reply.

**Accordingly, any IRS penalties for any events including tax returns occurring before December 31, 2005 have been discharged.**

### B. Taxes for Returns due before December 31, 2005 Have Been Discharged and the Request for Stay should be Denied

The Plaintiff reiterates as discussed above that pursuant to Fed. R. Civ. P. 8(b) and Fed. R. Bankr. P. 7008, the Defendant has been deemed to have admitted that all taxes due before December 31, 2005 have been discharged. If these rules have any meaning, the Government is bound by this admission and cannot change their mind now because they did a poor job in their Answer.

Further, the Notice of Levy is for 2003 income taxes and show only taxes, a late filing penalty and interest. **The law clearly states that IRS notices are presumed to be correct,**

6

This Notice is then presumed to be correct. It shows a total tax liability of $23,000 and shows on civil fraud penalty under §6663.

**Accordingly, since the IRS notice is presumed to be correct; it clearly shows the taxes do not qualify for an exception to discharge and the taxes prior to December 31, 2005 are discharged.**

### C.  The Government Has Not Obtained a Finding of Tax Fraud in any Court

Ten (10) years after the last return was filed, the IRS still does not have a finding from any court of tax fraud that would exempt the taxes from discharge.

Under 26 USC §6663, the burden of proof to prove tax fraud is clear and convincing evidence and the burden is on the IRS not the Plaintiff. See *Stoltsfus v. United States*, 398 F.2d 1002, 68-2 USTC P. 9499 (3d Cir. 1968), cert. den. 393 US 1020 (1969) and *Loeb v. Commissioner* (2009) TC Memo 2009-6. 97 CCH TCM 1027.

The IRS cannot sustain its burden of proof on fraud by statements issued in the notice of deficiency. See *Estate of Wheeler v. Commissioner* (1978) TC Memo 1978-15, RIA TC Memo ¶78015, 37 CCH TCM 51.

A civil fraud assessment even if consented to in a stipulation, does not as a matter of law, except a tax debt from discharge pursuant to 11 USC §523. See *Boddiford v. IRS (In re Boddiford)*, 312 B.R. 827, 2004-1 U.S. Tax Case (CCH) P 50, 280 (BD W.D. Va. 2004).

The IRS has not produced any evidence in this case or obtained a ruling in any court that would except the taxes due before December 31, 2005 from discharge.

**Accordingly, as a matter of law, the taxes have been discharged.**

7

### D.  The Plaintiff Claims the Defense of Laches

The IRS is subject to the defense of laches.  See *Ward v. IRS (In re Ward)*, 261 B.R. 889, 893 (BC W.D. Va. 2001).  **As stated by the Supreme Court in *Young v. United States*, 535 U.S. 43, 47 (2002), in the context of a bankruptcy action, "if the IRS sleeps on its rights it loses its claim."**

And sleep the IRS has.

The IRS was aware of the alleged deficiencies in May of 2008 and did nothing.  The IRS has admitted to being notified of Plaintiff's December 31, 2008 bankruptcy filing and did nothing.  The IRS was notified of all the proceedings during the bankruptcy case and did nothing.  The IRS was notified of the discharge in January of 2010 and did nothing.  The IRS proposed adjustments in April of 2011 and then did nothing until 3 years later when it issued a notice of deficiency on July 23, 2014.

The IRS has delayed any action for tax years 2002, 2003, and 2004 for 10 years after they were filed; 7 years after the became aware of the issue; 6 to 9 years after the statute of limitations expired; and 4 ½ years after Plaintiff's discharge.

In order to prove laches, the Plaintiff must prove "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." See *Costello v. United States,* 365 U.S. 265, 282 (1961).

The first element – lack of diligence – exists because the IRS delayed unreasonably in filing the notice of deficiency, commenced the action outside of the statute lf limitations even the longer 6 year period for understatement of income, and too no action for over three (3) years after proposing audit adjustments. See *White v. Daniel,* 909 F.2d 99, 102 (4th Cir. 1990).

The Plaintiff has demonstrated the second element – prejudice – because his access to records between 10 and 13 years old after his family has lost their home and move three times, is

8

almost non-existent; banks no longer have certain records; and the Plaintiff is aided by the inference of prejudice from the IRS' delay. In fact, the greater the delay, the less prejudice required to show laches. See *Giddens v. Isbrandtsen Co.*, 355 f.2d 125, 128 (4th Cir. 1966) and *White*, 909 f.2d at 102.

**Accordingly, the IRS is guilty of laches and this Court should grant the Plaintiff relief.**

### JUDICIAL ECONOMY IS BEST SERVED BY GRANTING THE PLAINTIFF'S MOTION

The tax court petition was filed by the Plaintiff, not the IRS. If the Court grants the Plaintiff the relief requested, then the Plaintiff's tax court petition becomes moot and will be dismissed. There can be no greater judicial economy than not having to proceed to trial.

**Accordingly, this Court should grant the Plaintiff relief in the interest of judicial economy.**

### RELIEF SOUGHT

WHEREFORE, THE PLAINTIFF PRAYS THIS COURT TO HOLD THE IRS IN CONTEMPT FOR VIOLATING THE DISCHARGE INJUCTION, HOLD TAXES, PENALTIES, AND INTEREST DUE BEFORE DECEMBER 31, 2005 HAS BEEN DISCHARGED, AND AWARD ANY DAMAGES OR OTHER RELIEF AS IT SEES FIT. A PROPOSED ORDER IS ATTACHED.

Dated: March 31, 2015

*[signature]*
Alan B. Fabian, *Pro Se*
43008-037
2400 Robert F. Miller Drive
PO Box 2000
Lewisburg, PA 17837

## Attachment A

The Plaintiff must pay .15 per page for each page copied or printed.
The Plaintiff must pay .05 per minute or $3.00 per hour to type.

The Plaintiff has 2 5" binders containing 1,250 pages each.
The Plaintiff has 2 expanable file folder containing 950 pages each.
The Plaintff has 1 expandable file folder containing 550 pages.
The Plaintiff has 2 bins of copied tax documents for 2002-2004 containing 3,945 pages.

The Plaintiff has accumulated a total of 590 hours of typing.

The Summary of the Plaintiff's Direct Economic Harm is:

| Pages | Rate | Extended |
|---|---|---|
| 1250 | $ 0.15 | $ 187.50 |
| 950 | $ 0.15 | $ 142.50 |
| 550 | $ 0.15 | $ 82.50 |
| 3945 | $ 0.15 | $ 591.75 |
|  |  | $ 1,004.25 |

| Hours | Rate | Extended |
|---|---|---|
| 590 | $ 3.00 | $ 1,770.00 |

| Total Economic Harm | $ 2,774.25 |
|---|---|

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on March 31, 2015, the Defendant was served with a copy of this Motion by first-class mail with postage prepaid. The Motion was placed in the BOP Legal Mail system and is considered timely filed under the prison mailbox rule.

Vassiliki E. Economides
U.S. Department of Justice
PO Box 227
Washington, DC 20044

*[signature]*
Alan B. Fabian, *Pro Se*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: ALAN BRIAN FABIAN | CASE NO:   08-27450 |
| ALAN BRIAN FABIAN,<br>    Plaintiff, | CHAPTER 7 |
| | ADV. PROC. NO.:   14-893 |
| v. | |
| INTERNAL REVENUE SERVICE,<br>    Defendant. | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

IT IS HEREBY ORDERED that Alan Brian Fabian's Motion for Judgment on the Pleadings is hereby granted,

ORDREED that Plaintiff's Motion for Contempt is granted,

ORDERED that the Plaintiff's request for relief with respect to the dischargeability of his 2002-2004 income tax liabilities is granted,

ORDERED that the Plaintiff's request for relief with respect to penalties is granted, and

ORDERED that the Plaintiff be awarded damages of $ _____.

Date: _____          _____
                                          UNITED STATES BANKRUPTCY JUDGE

Proposed Order Submitted by:

Alan B. Fabian, *Pro Se*
43008-037
2400 Robert F. Miller Drive
PO Box 2000
Lewisburg, PA 17837