IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | Case No. 08-27450 |
| ) | Chapter 7 |
| ALAN BRIAN FABIAN, ) | |
| ) | |
| Debtor. ) | |
| _____) | Adv. Proc. No. 14-893 |
| ) | |
| ALAN BRIAN FABIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**STATUS REPORT**

This letter serves as the United States' status report pursuant to the pre-trial conference held April 16, 2015:

1. The Tax Court has set the trial date for Mr. Fabian's Tax Court case (Docket Number: 25589-14) for September 28, 2015.

2. Mr. Fabian is currently still negotiating with the IRS Appeals Office, which retains settlement authority until the date of the Tax Court trial.

3. According to Mr. Fabian's Tax Court petition, he was indicted in November 2007 for Mail Fraud, Making or Subscribing a False Tax Return, and Making a False Statement. In May 2008, he pled guilty to the charges of Mail Fraud and Making or Subscribing a False Tax Return for 2003.

4. The IRS determined additional income tax liabilities, and accompanying interest and penalties, for the 2002, 2003, and 2004 tax years and on or about July 25, 2014, sent to Mr. Fabian a statutory Notice of Deficiency detailing these determinations.[1]

---

[1] The IRS alleges in its answer to Debtor-Petitioner's complaint that Debtor-Petitioner failed to report $165,000 on his 2002 return, over $4 million on his 2003 return, and over $5 million on his 2004 return. The IRS further asserts that Debtor-Petitioner filed false or fraudulent income tax returns for 2002-2004 with the intent to evade tax.

- 2 -

5. Mr. Fabian elected to go to Tax Court to contest the IRS' tax determinations.

6. The tax liabilities, interest, and penalties for 2002, 2003, and 2004, that are at issue in the Tax Court, have not yet been assessed. An assessment is the entering of a tax liability on the records of the IRS. Under the Internal Revenue Code, 26 U.S.C. § 6213(a), no assessment can be made until the decision of the Tax Court becomes final.

7. There is no bankruptcy purpose for an action seeking a declaration on the dischargeability of fraud penalties that have not yet been assessed, relating to tax liabilities that have also not yet been assessed, which were determined after a Debtor's bankruptcy discharge has already occurred.

8. Mr. Fabian claims in his status report that he does not object to the Tax Court resolving the tax determination for 2002, 2003, and 2004. Part and parcel with the underlying tax determination is the adjudication of the interest, penalties, and other statutory additions to tax. There is no compelling reason to bifurcate the action.

9. Because Mr. Fabian's adversary proceeding is concerned with penalties that have <u>not</u>, and potentially may not <u>ever</u> be assessed against him, he has stated no cause of action for a finding of contempt, damages, or any of the other relief he seeks.

<u>Dated:  May 19, 2015</u>

          <u>/s/ Vassiliki Eliza Economides</u>
VASSILIKI ELIZA ECONOMIDES
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-307-6320 (v)
202-514-6866 (f)
Vassiliki.E.Economides@usdoj.gov

- 3 -

**CERTIFICATE OF SERVICE**

    IT IS HEREBY CERTIFIED that service of the United States' STATUS REPORT has been made on May 19, 2015, via the first class mail, to the following:

Alan Brian Fabian
43008-037
PO Box 2000
Lewisburg, PA 17837
*Pro se*

                                    /s/ Vassiliki E. Economides
                                    VASSILIKI ELIZA ECONOMIDES
                                    Trial Attorney, U.S. Department of Justice