IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE:    ALAN BRIAN FABIAN<br>Debtor, | CASE NO. 08-27450<br>CHAPTER 7 |
| ALAN BRIAN FABIAN,<br>Plaintiff, | ADV. PROC. NO. 14-893 |
| v. | |
| INTERNAL REVENUE SERVICE,<br>Defendant. | |

## Response to IRS' Status Report

This letter is filed in response to the United States' status report filed on May 19, 2015.

1. Fabian received a copy of the IRS's status report on May 26, 2015.

2. In its Response to Fabian's Tax Court Petition, the IRS admitted that Fabian was not charged or found guilty with tax fraud or intent to evade tax.

3. 11 USC §505 gives this Court concurrent jurisdiction over taxes whether or not previously assessed, whether or not paid, and whether or not contested or adjudicated.

4. "A bankruptcy discharge injunction operates as an injunction forbidding the **commencement or continuation of an action, employment of process, or an act, to collect, recover, or offset any discharged debt as a personal liability of a debtor.**" *Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389 (B.C. E.D. Va. 2011). A statutory Notice of Deficiency is in fact a commencement of an action to collect a discharged debt. In particular, as discussed in Fabian's Complaint and Reply, the IRS has already admitted that penalties for events prior to December 31, 2005 have already been discharged as a matter of law. The IRS has issued a Notice of Intent to Levy for 2003 and for 5471 penalties. Penalties have been included in the Notice of Deficiency which is a commencement of an action to collect a discharged debt. Also, see *In re Youngkin*, 2014 Bankr. Lexis 765 (B.C. E.D. N.C. 2014)(notices and warning letters constituted a violation of the discharged injunction).

5. Further as demonstrated in the notices attached by Fabian to his Complaint and Reply, the IRS has sent notices of levy to the state of Maryland in order to intercept any tax refunds which it has apparently done for tax year 2014. This is a violation of the discharge injunction.

1



6. There is a bankruptcy purpose for this Court to determine whether the IRS has violated the discharge injunction and whether it is in contempt because the point of 11 USC §524 is the give the debtor a fresh start without being unnecessarily harassed. It is further the authority of this Court under 11 USC §505 to issue an order making clear that any penalties have been discharged. This has the added benefit of making any determinations of taxes more efficient in the tax court.

7. The Fourth Circuit Court of Appeals has declared that to prove a willful violation of the discharge injunction all that is necessary to constitute a willful act is "the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." *Citizens Bank v. Strumpf (In re Strumpf)*, 37 F.3d 155, 159 (4th Cir. 1994) cited in *Rountree*, 448 B.R. at 418. The IRS committed an intentional act with knowledge of the discharge injunction.

8. Fabian has stated a valid cause of action in these matter and they can easily be resolved by this Court based on the briefs filed and/or a telephone hearing.

9. Fabian has obtained pro bono counsel in the Tax Court case. He is not able to proceed without counsel. If this Court decides it wishes to handle all the issues, Fabian will need counsel appointed for him because his pro bono counsel is from the Villanova Law School Tax Clinic and only handles tax court cases.

10. Fabian also advises this Court that he is scheduled for release to community custody in May of 2016 which is only 11 months from now and 8 months from the currently scheduled tax court hearing. The Government attorney in the Tax Court case has indicated he is willing to request the Tax Court delay any proceedings until after Fabian's release. This will allow Fabian the ability to participate actively in his defense.

Dated: May 27, 2015

_____
Alan B. Fabian, *Pro Se*
43008-037
2400 Robert F. Miller Drive
PO Box 2000
Lewisburg, PA 17837

## Certificate of Service

I HEREBY CERTIFY that service of this Response has been made on May 27, 2015, via first class mail through the BOP mail system to:

Vassiliki Eliza Economides
U.S. DOJ
PO Box 227
Washington, DC 20004

_____
Alan B. Fabian, *Pro Se*